## FLEET v. UNITED STATES.

(Circuit Court, S. D. New York. January 12, 1892.)

### No. 109.

CUSTOMS DUTIES—CLASSIFICATION—DRESSED FUR—PIECES TEMPORARILY SEWN TOGETHER—"ARTICLES."

    Pieces of fur sewn together continuously for convenience or safety, but not intended to be used as articles in that shape, are not "articles made of" fur under Tariff Act March 3. 1883, c. 121, § 6, Schedule N, 22 Stat. 512, but are dutiable as "dressed furs on the skin," under the same schedule, 22 Stat. 513.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below related to merchandise imported at the port of New York by William H. Fleet. It was classified under Tariff Act March 3, 1883, c. 121, § 6, Schedule N, 22 Stat. 512, relating to "furs, articles made of," and was claimed by the importer to be dutiable under the provision in the same schedule, 22 Stat. 513, for "dressed furs on the skin."

William B. Coughtry, for importer.

James T. Van Rensselaer, Asst. U. S. Atty.

WHEELER, District Judge. The appraiser originally seems to have put down these things as lambskins to be used for fur linings, and the General Appraisers say that that was not controverted before them. But now it is controverted on the evidence. The pieces of lambskin seem to be sewed together continuously, not only for safety in transportation, but also for the purpose of presenting a more inviting appearance to purchasers; but they do not seem to be made into any articles for use. They seem to be simply an area of lambskins with the wool on, as in a bundle or some kind of a package, so arranged for convenience in transportation, and not an article made into anything from fur. The section of the statute reads: "Furs, articles made from, * * * or articles made of." I do not think this is an article made of fur; but it is a mode of packing or arranging fur, by sewing it together for safety or for convenience. I do not think it was properly assessed as an article of fur. If it was the lining of a coat, made for that purpose, and used for that, of course, it would then be an article of fur. That seems to have been the way it stood before the appraisers, according to their statement; but this evidence taken since shows it not to be so.

The decision will be reversed.